IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,  )
                                          )
       Plaintiff,        )
                                          )
v.                               )   No. 02-CR-105-P
                                          )
PAT LYNN MORGAN,           )
                                          )
       Defendant.       )

FILED
OCT - 7 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

**PLEA AGREEMENT**

COMES NOW the United States of America, by and through David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, and Assistant United States Attorney Neal B. Kirkpatrick, and the defendant, PAT LYNN MORGAN, in person and through counsel, Larry Oliver, and respectfully inform the Court that they have reached the following agreement:

(A) **DEFENDANT'S OBLIGATIONS**

    (1) **PLEA**

The defendant agrees to enter his voluntary plea of guilty to the Information filed as cause number 02-CR-105-P, Northern District of Oklahoma, and admits to being in fact guilty as charged.


Defendant's Initials



(2)  **WAIVER OF CONSTITUTIONAL RIGHTS**

(a)  The defendant understands that by pleading guilty he will be giving up the following constitutional rights: the right to be indicted if proceeding by Information, the right to plead not guilty, the right to be tried by a jury, or if the defendant wishes and with the consent of the government, to be tried by a judge. At that trial, the defendant would have the right to an attorney and if the defendant could not afford an attorney, the Court would appoint one to represent the defendant. The defendant would have the right to assist in the selection of the jury. During the trial, the defendant would be presumed innocent and a jury would be instructed that the burden of proof is on the government to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict. The defendant would have the right to confront and cross-examine witnesses against the defendant. If the defendant wishes, the defendant could testify on his own behalf and present witnesses in his defense. On the other hand, if the defendant did not wish to testify, that fact could not be used against the defendant and a jury would be so instructed. If the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the


Defendant's Initials

2

charges. By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that the defendant may have to answer questions posed to him by the Court both about the rights that the defendant will be giving up and the factual basis for the defendant's plea. Any statements made by the defendant during such a hearing are not, in any civil or criminal proceeding admissible against the defendant except as provided in Federal Rules of Criminal Procedure 11(e)(6).

    (b)  **APPELLATE RIGHTS: LIMITATIONS**
As set forth below, the defendant understands that a sentencing guideline range for his case will be determined by the Court in accordance with the Sentencing Reform Act of 1984. The defendant further understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense to which he is pleading guilty, as set forth below. The defendant further understands that Title 18, United States Code, Section 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging all this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined, so long as his sentence is within the statutory maximum specified above. This agreement does not affect the appellate rights of the office of the United States Attorney, as set forth in Title 18, United States Code, Section 3742(b).

(3) **FORFEITURE.**

The defendant agrees to forfeit and otherwise waive any ownership right he might possess in all items seized during the investigation of the acts alleged in the Indictment which the


Defendant's Initials

3

United States determines are fruits or instrumentalities of the offense, or contraband. The Court has jurisdiction over the disposition of such evidence and may order the investigative agency to dispose of the evidence in such manner as provided by said agency's regulations.

(4) **RESTITUTION**

The Court can order the defendant to pay restitution for the full loss caused by his conduct set forth above. The defendant agrees the Court's consideration of the amount of restitution shall **NOT** be limited to the amounts alleged in the counts to which the defendant is pleading guilty, and may include stipulated amounts as set forth below pursuant to Title 18, U.S.C. § 3663. The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

Subject to the Court's determination that there is ability to pay restitution and to any exercise of the Court's discretion, the defendant agrees to pay full restitution.

(5) **SPECIAL ASSESSMENT**

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the Clerk, United States District Court Clerk, before the time of the sentencing hearing or as directed by the District Court.

4

Defendant's Initials

(5)   **FACTUAL BASIS**

In regard to the factual basis as required by Federal Rule of Criminal Procedure 11(f), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, PAT LYNN MORGAN, admits that he knowingly, and intentionally committed or caused to be committed the acts constituting the crimes alleged in the Information, and confesses to the Court that he is in fact guilty of such crimes. Defendant admits further that from on or about March, 2000, until in or about October, 2000, in the Northern District of Oklahoma and elsewhere, he became aware that another person could manufacture electronic devices by which persons who otherwise would not have been entitled to do so could clandestinely receive DIRECTV programming, including pay-per-view events. The defendant further admits that he solicited this person to re-program DIRECTV access cards. The defendant further admits that he distributed approximately thirteen (13) re-programmed DIRECTV access cards to another person, using the United States Mails.

(6)   **COOPERATION**

The defendant agrees to cooperate fully with the United States Government and all of its various departments and agencies on the continuing investigation into the defendant's alleged criminal

_____
Defendant's Initials

5

conduct and the criminal conduct of others. More particularly, the defendant agrees to complete disclosure of all information he has, has access to, or which becomes available to him, and agrees to provide complete assistance and truthful testimony in any and all matters of alleged criminal conduct which arise out of this investigation. The defendant hereby agrees to cooperate fully with inquiries, whether criminal or civil in nature, made by or on behalf of any federal law enforcement or regulatory agency, department, or board. In this connection, the defendant agrees to make himself available to federal authorities for interviews as and when reasonably requested by them. The defendant shall cooperate, providing truthful, complete, and forthright information whenever, wherever, to whomever, and in whatever form an attorney or investigator from the government requests. The term "whatever form" includes, but is not limited to, oral responses to questions, sworn written statements, interrogatories, sworn testimony before a Grand jury, sworn testimony in court, and documentary materials. The term "whomever" includes, but is not limited to, federal law enforcement agencies, the United States District Court, and any duly empaneled federal grand juries.

The government defines "cooperation" to require complete, candid, and absolutely truthful disclosures by the defendant in response to any and all questions or inquiries that may be put to


Defendant's Initials

6

him in connection with such interviews with law enforcement personnel, before any grand jury, or at any trial or related hearing. Full cooperation also includes following the directions of law enforcement officers in pursuing and gathering evidence in investigations of such alleged criminal conduct in connection with which the defendant is assisting, and not doing anything to compromise such investigation(s). It is further acknowledged that the government, acting in good faith, has the sole unilateral discretion to determine whether the defendant is providing "cooperation" as defined above. The defendant further agrees to tender forthwith any and all records which he has, or to which he has access, which have a bearing upon his criminal activity.

If requested by the United States, but only if so requested, the defendant agrees to cooperate with the United States, including but not limited to the following:

(a) The defendant shall provide truthful information within the defendant's knowledge about the subject charges and about any other criminal activity within defendant's knowledge to any government agent or agency designated by the United States.

(b) The defendant also agrees to testify truthfully without the necessity of service of a subpoena in any trial, hearing, or grand jury proceeding, or any other proceeding, as designated by the United States.


Defendant's Initials

7

(c) The defendant understands that only truthful and accurate information and testimony is required under this provision and that knowingly giving false information or testimony may be prosecuted as an additional criminal offense.

(d) Statements made by the defendant pursuant to this Plea Agreement will not be used as part of the government's case in chief in any other prosecution of the defendant in the Northern District of Oklahoma; provided, however, in accordance with Fed. R. Crim. P. 11, such statements may be used for impeachment, rebuttal, or in any subsequent federal prosecution for perjury, false statement, obstruction, or contempt.

If and when the assistance described in the preceding paragraphs has been completed, the United States, acting in good faith in it sole discretion, shall determine whether the defendant's assistance has been substantial. The United States is under no obligation to investigate and act upon information provided by the defendant. However, if the United States, in fact, derives substantial assistance as a result of information provided, the United States will so advise the Court

Upon a determination that the defendant has rendered substantial assistance, the United States, shall consider moving for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines. Nothing contained herein, however, shall be construed so as


Defendant's Initials

8

to create in the United States any obligation to make such a motion.

(B) THE GOVERNMENT'S OBLIGATIONS

Only if the defendant fully satisfies his obligations outlined in this pleading, the government agrees:

1. **Further Prosecution**.

It shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, are known to the government and arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment, save and except criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below and that this Office is free to prosecute the defendant for any illegal conduct (i.e., violation of federal criminal laws) not discovered by or revealed to the government during its investigation or occurring after the date of this agreement.

2. If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts if any, as to this defendant.


Defendant's Initials

9

(C) **SENTENCE**

(1) **Statutory**

The defendant acknowledges that the maximum statutory sentence under Title 18 United States Code, Section 2512(1)(b) is imprisonment for not more than 5 years, a fine not to exceed $250,000.00, or both such fine and imprisonment. Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, not to exceed three (3) years.

If the term of supervised release is revoked, the defendant may be imprisoned for an additional term not to exceed the term of supervised release originally authorized, with no credit being given for any time served while on supervised release. Further, if the crime of conviction occurred after September 13, 1994, the court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release. (18 U.S.C. § 3583(e) and (h)). Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revoca-


Defendant's Initials

10

tions of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

(2) **GUIDELINES**

The defendant is aware that the sentence to be imposed shall be in conformity with the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, and that a sentence imposed under the Guidelines is without parole. The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court (Sentencing Guidelines § 6B1.4(d)). The Court will impose a sentence within the appropriate guideline range, unless the Court finds there is a basis for departure because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.


Defendant's Initials

11

If the sentencing court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, but will remain bound to fulfill all of his obligations under this agreement. Nothing in the plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence and the defendant's criminal history category, that are available to the United States at the time of sentencing. The United States reserves its full right of allocution pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure.

THE DEFENDANT FURTHER UNDERSTANDS THAT THE SENTENCE TO BE IMPOSED UPON THE DEFENDANT WILL BE DETERMINED SOLELY BY THE SENTENCING JUDGE. THE UNITED STATES CANNOT AND DOES NOT MAKE ANY PROMISE OR REPRESENTATION AS TO WHAT SENTENCE THE DEFENDANT WILL RECEIVE.

(3) **STIPULATIONS**

Pursuant to Sentencing Guidelines § 6B1.4, the defendant and the United States agree and stipulate as follows:

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The


Defendant's Initials

12

sentencing judge is in a unique position to evaluate the acceptance of responsibility and his determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility. Additionally, the government agrees that, should circumstances so warrant, it will recommend an additional 1-point offense level reduction pursuant to U.S.S.G. §3E1.1(b).

Pursuant to Sentencing Guidelines § 6B1.4(d), it is understood that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct sentencing guidelines to apply to the facts.

(D) **LIMITATIONS**

This Plea Agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice, and

13


Defendant's Initials

the trustee in bankruptcy, and specifically exempting the pending civil forfeiture proceeding.

(E) **BREACH OF AGREEMENT**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The parties agree that this agreement is made pursuant to Rule 11(e)(1)(b) of the Federal Rules of Criminal Procedure.

In the event that the defendant, after entry of a plea of guilty, unsuccessfully attempts to withdraw his plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any provision in this agreement regarding acceptance of responsibility, or a substantial assistance Section 5K1.1 motion, if such provisions are included herein. This provision will not have any continued vitality if it is determined by the court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

*[Defendant's Initials]*

14

(F) **CONCLUSION**

<u>No agreements, representations, or understandings have been made between the parties in this case, other than those which are explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all of the parties.</u>

SO AGREED:

David E. O'Meilia
United States Attorney

By: _____
NEAL B. KIRKPATRICK
Assistant United States Attorney

DATED: 7 OCT 02

_____
LARRY OLIVER
Attorney for Defendant

DATED: 10-7-02

_____
Defendant

DATED: 10-7-02

NBK/hs

15

Defendant's Initials: PLM

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____    10-7-02
PAT LYNN MORGAN                    Date
Defendant

Defendant's Initials